## MARY EPPERSON *v.* SIDNEY MURRAH, TRUSTEE.

**Vendor and Purchaser—Rescission—Improvements.**

Upon rescission of a parol exchange of lands, improvements placed upon the property by a debtor, are subject to sale for the benefit of creditors, subject, however, to adjustment in the difference of rents of the two places.

**Same—Creditors—Husband's Sale of Wife's Land.**

As a husband has no power to make a sale of the wife's land, his creditors or trustee could not enforce a parol sale made by him, as they would stand in no better attitude than the debtor.

**Same.**

Upon acquiescence in a parol exchange of lands by the wife, upon a rescission, she will be held liable for improvements made by her vendee, though she had given no authority for the original exchange.

### APPEAL FROM ADAIR CIRCUIT COURT.

### November 29, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the evidence in this case that in September, 1866, appellant was the equitable owner of a tavern house in Columbia, which she had purchased of G. W. Dehoney, and to whom she owed the purchase money. A. P. Brown's wife, who is a daughter of appellant, owned a house in the same time that W. T. Epperson assuming to act for appellant, who is his mother, made a parol agreement with Brown to exchange her tavern house with Brown for the house of Brown's wife, Brown to pay Dehoney the purchase money which appellant owed him for said tavern house, when Dehoney was to convey the same to him, and Brown and wife were then to convey Mrs. Brown's house to Mrs. Epperson. And some time in the same month that this parol agreement was made, the possession of the tavern house was given to Brown, and W. T. Epperson took possession of Mrs. Brown's house. Brown then made some improvements on the tavern property, but never paid to appellant's vendor any part of the purchase money.

Brown failed, and on the 2nd of February, 1867, conveyed all his property to Sidney Murrah in trust for the payment of his creditors therein named.

This action was brought by the trustee and a part of the creditors of Brown to settle the trust to subject the house claimed by Brown's wife to his debts and to make appellant responsible to them for the cost of certain improvements which it is alleged Brown had put on the tavern house, the claim for which he included in his deed of assignment to his trustee. The petition against Mrs. Brown was dismissed. And a judgment rendered against Mrs. Epperson for $250, the estimated value of improvements put on the tavern house by Brown, with interest from the 4th day of February, 1867. And as to rents, the one was set off against the other. Of that judgment Mrs. Epperson complains and the trustee and some of Brown's creditors prosecute a cross-appeal which will be first disposed of.

It appears that while Brown was in the army he sent home from time to time sums of money to his wife to support herself and children with, that she was industrious and economical, supported herself and family, the money sent to her by her husband she invested in the house in the pleading, paying two-thirds of the cost of the house in that way and the residue was paid with the rents of the property. This was done before the debts of appellee were created and the property conveyed to Mrs. Brown, the petition against her was, therefore, properly dismissed. A. P. Brown neither paid the purchase money to Dehoney nor had he the power to have his wife's property conveyed in exchange for the tavern property, and neither he nor his trustee nor creditors are in a condition to execute his contract, if it were otherwise enforceable, consequently the judgment on the cross-appeal is affirmed.

Murrell, when he estimated the cost of the improvements made by Brown in the aggregate, fixed it at $400, or $450, but when he came to value them in detail he reduced the cost to $330, and having put the cost of building the kitchen at $150, he concludes by saying he did not think the building of the kitchen enhanced the value of the property more than half of $150, if that, and gives no opinion as how much the other improvements enhance the value.

Winfrey thinks the improvements made by Brown enhanced the value of the property about $200. And Hutchison, who speaks

of the cost of said improvements, gives no opinion as to the amount they added to the value of the property.

Although it is proved that appellant gave no authority to her son to enter into the alleged contract with Brown, it must be conceded that she knew it had been made very soon thereafter, and acquiesced in it, and therefore was responsible in equity therefor to the extent that the improvements enhanced the value of her property, but for no more, and an equitable adjustment entitles her to the difference between the value of the rent of her property and Mrs. Brown's, for the time Brown occupied the tavern.

Winfrey, the only witness who fixed the amelioration of said improvements, valued it at $200. And that is the sum the court below was authorized by the proof to adjudge against appellant therefor, and that to be reduced by the difference of the rents of the two places. This witness says that this difference, without including the privilege of selling liquor, was $75 per annum. Brown occupied the tavern four months, or one-third of a year, and should have been charged with the one-third of seventy-five dollars. And the judgment should have been for $175, with interest from the 4th of February, 1867.

Wherefore, the judgment is reversed, and the cause remanded with directions to render judgment against Mary Epperson for the sum of one hundred and seventy-five dollars with interest thereon at the rate of six per cent per annum, from the 4th of February, 1867, till paid, and for further proceedings consistent herewith.

*Russell,* for appellant.

*Garnett & Barker,* for appellee.